Good morning. May it please the court. My name is Barbara Creel. I represent John Kenneth Henderson, the petitioner appellant in this case. I'd like to reserve two minutes for rebuttal, if I may. The only reason we're here today arguing whether Mr. Henderson can proceed on his meritorious claims in his federal habeas petitions is because in 1996, when he filed his first habeas petition, the state affirmatively misled the district court. The state failed to provide accurate procedural background facts to the district court, and the district court affirmatively relied on the information that it was given. In 1996, Mr. Henderson filed his federal habeas petition as a pro se applicant lodged in Texas court, trying to challenge his Oregon conviction from a distance. At that time, he was still pursuing the state court remedies. In fact, he had a direct appeal pending. But he wasn't pursuing state court remedies on double jeopardy. He wasn't finished with his state court appeal of his direct sentencing. But he wasn't raising double jeopardy claims. ER 189. He hadn't yet finished his appeal, so it was still pending. What he could have done after that is a matter that we'll never know, and raising double jeopardy claims. The state agrees that Mr. Henderson filed in federal court while his state appeal was still pending. In the red brief, page 16, and in ER 189, it shows that. In his application, I think it's important for this court to note that Mr. Henderson alerted the federal district court in 1996 that he had an appeal pending, and that's found at ER 153. However, instead of telling the court about that 1995 resentencing that was still going on in state court, the state told the district court only that he had a PCR appeal that was pending. It was dismissed as untimely, ER 164, and that he failed to go to the Oregon Supreme Court. Again, the state omitted any sort of reference to the direct appeal. The state court then told the court that Mr. Henderson has no remaining remedies left in state court. Mr. Henderson also relied on these affirmative misstatements. In his attempt to try to bring some more information to the court, he said no remaining state court remedies exist, and he cited to the state argument, ER 186. Because of the state's misstatements deceiving the federal court, the prior judgment in 1997 is based upon bad information and a desperate plea. It can't be held against Mr. Henderson today to bar his federal petition as a successive petition under 2244B. This is important because the state shouldn't reap a benefit from its own mistake. The district court cited to a Ninth Circuit case, Howard v. Lewis, in support of the position that any case that is dismissed as procedurally defaulted is a dismissal on the merits. First of all, that case is a pre-AEDPA case, and also if you look into it more, it actually supports the fact that if a case gets dismissed as procedurally defaulted in error, you need to go back and look at it again. In that case... Let's go back a minute. At the time he filed the first petition, there was an appeal pending. I'm back to where I started from, okay? But the appeal pending had nothing to do with double jeopardy. Is that correct? He was not appealing double jeopardy as far as I know. Okay. So, therefore, why wasn't the judge right the first time? That whatever happened in the appeal that was then pending, there was no chance that the double jeopardy issue was going to be reached. And then under Oregon law, as I understand it, if he didn't raise the issue when he could have, he's procedurally defaulted, no? No, Your Honor. This is actually very complex procedural background. I understand that there was a corrected sentence and he went back and then there was an appeal as to the corrected sentence. Right. But why isn't that still the fact that he didn't raise the double jeopardy question then or in his post-conviction review in Oregon court enough to preclude him as procedurally defaulted? Because he had three sentencings. And in each sentencing, he was arguing that the judge didn't have the authority to vacate the sentence. Right. And he had four appeals. In that appeal of his third sentence, he was arguing some 14th Amendment claims. However, I don't know, the record doesn't show, whether he was in contact with his direct appeal attorney because he was in Texas while this was pending. He was delivered to Texas immediately after he was sentenced the third time and then there's nothing in the record to show what correspondence that the state had in that case. So now you're essentially making a cause argument, not that there wasn't a procedural default, but that there was cause for it. Well, Oregon law allows for a defendant to submit additional briefing if his attorney has decided not to brief an issue. So under Church v. Gladden, it's the person's, the individual defendant's duty to go ahead and make arguments that they think should be made. We don't have anything in the record to show that he wasn't trying to do that at the time. But I think the important note is that his direct appeal was still pending. He could have filed for a motion for reconsideration. He could have filed supplemental briefing at that time. He could have filed a post-conviction to argue ineffective assistance of his direct appeal counsel for lack of raising this double jeopardy issue, if in fact that was the issue that he thought was his most important federal claim. He was also asked this question in the first federal proceeding, right? He was asked which question? Whether there was a procedural default and whether there was cause for prejudice for it. Yes. The district court asked for additional briefing, ER-184, and he submitted pro se, again, from Texas, what he thought was his argument on cause of prejudice. That's ER-186. And it's important to note that he's arguing that he didn't know that his post-conviction appeal was dismissed. Again, there's nothing in the record about the direct appeal where he's challenging his original sentence. And that, again, he cannot – the State is in the best position to provide the court with all the information. Under the habeas rules, Rule 5, in its answer, the State is required to submit all the documents on the record to the court. And that requirement is made for a reason because the State has the information at its fingertips, whereas the prisoner is blocked away. So it was up to the State to provide all the relevant and accurate facts to the district court at that time. Wait a minute. You just said provide records. Now you say accurate facts. What case do you rely on that describes what the State is required to do at that juncture? It's Rule 5. Just Rule 5? Yes. No case Rule 5. Okay. Going back to Howard v. Lewis, the Ninth Circuit found that there is certainly strong interest in preventing defendants from bringing repetitive meritless petitions. That's not what happened in this case. Mr. Henderson has tried only to go through the procedures that are set up for him to allow him to get a preserved constitutional claim before the Federal court. Do you distinguish Howard only on the basis of a pre-AEDP case? No, Your Honor. Howard's still good law? Howard is informed by Black v. McDaniel and Stewart v. Martinez-Real. Actually, those are the cases that this Court should be relying on, the Supreme Court cases. I understand. The AEDP strengthened the situation for the government, didn't weaken it, as Carter in the Second Circuit said. So you are not trying to say that Howard does not apply. You're saying it's distinguishable? There's two points about Howard. First of all, it's completely distinguishable because the judgment in that case was found, the prior judgment had identical claims and the procedural default finding was final. In this case, the prior judgment is void for the reasons I gave earlier. Second of all, Which prior judgment is void? You mean the district court? You're not saying it's wrong. You're not saying it's void. It's void because it's based on inaccurate facts and judgment of all the information. I mean, lots of things are wrong, but there's nothing that would render it not, quote, race 2 to Carter. I mean, this whole problem of second successive petitions is basically about when does something like race 2 to Carter plug in in a habeas case. And although we're very leery about plugging in a habeas case, AEDPA has made rules about second successive petitions, right? And here we have a ruling which you're basically, you're not saying there was no jurisdiction or something to that, but you're just saying it was wrong. Right? In effect, Your Honor, the statutory rule in federal habeas corpus statute under the AEDPA is based on the abuse of writ doctrine. And the abuse of writ doctrine would keep petitioners from needlessly coming forward. But the problem is, as Judge Wallace said, that it's based on the abuse of writ doctrine, but it's not the abuse of writ doctrine. It's something stronger than that. It's like Lee McDaniel says, that if you bring unexhausted claims before the court, those will be dismissed, as in Rose v. Lundy. In this case, he brought an unexhausted claim before the court, but the state told him he had no more state remedies, and the district court went forward with that. Was that issue addressed on an appeal of that ruling? No, it wasn't. So then aren't we sort of stuck with that now? No. That brings us back to Howard v. Lewis, and that was the second point I was going to make to Judge Wallace. And that was, in that case, I see my time is up. May I continue? Sure. There were two reasons that the petition was dismissed in Howard v. Lewis. One, because the state said, he's procedurally defaulted. The prisoner didn't answer. So the district court dismissed the petition for lack of an answer. The question before the court was, do we count a procedural default as a merits decision, and what if there is just never an answer? Is that also a merits decision? In that court, in that case, they found that the prisoner argued that he was affirmatively disabled from answering a state's argument because his mail never got out. And the court said, if that's true, he still needs to have his day in court about procedural default. So they remanded it back for a finding on whether he was prevented from answering the state's procedural default argument. And if true, it wouldn't be a successive petition because he would be able to find cause and prejudice. Mr. Henderson never got to get all the accurate facts before the district court, and that's why the first petition cannot be held against him. So your argument is based on your ability now to make a collateral attack on the first petition, even though there was no direct appeal, that now you can do a collateral attack in a sense and call it void. That's your argument? That the first petition didn't count because the state's hands were dirty. Right. Not because – so exactly why. It's not because – you're not arguing that any procedural default falls into this, right? I'm sorry? You're not arguing that this is true of any procedural default. Right. You're not – so are you arguing that it's because of something the state should have done, or is it because the defendant was in Texas? What exactly is the reason? Well, we don't – we never got – Mr. Henderson never got all the facts before the court, and we don't know what his argument would have been regarding the state's argument on procedural default. So in that way, it's just like Howard v. Lewis. But we can know from the record, and it shows that he had his direct appeal still pending. That information never got advanced to the court that then made a decision that his claims were procedurally defaulted when they weren't. In an odd way, there isn't a real problem here, the rule that seems – which I find an odd rule, but it seems to be the rule that you can be procedurally defaulted even if the state has not actually ruled in the procedural default. By a federal court determination that there's really nothing else you can do in the state court. Is that not the law, first of all, in general? That you don't need a ruling by the state court? That doesn't make a lot of sense to me, but it seems to be where we are. That you don't need a ruling by a state court that's procedurally defaulting you. It's sufficient if the federal court can figure out that there's no way you can bring this up. I think that the federal court's decision is whether or not the state court rule on procedural default is adequate and independent. But it doesn't have to have actually operated yet. At the time that – I think that Prasad's saying there doesn't have to have been a state court ruling that you're procedurally defaulted. So the federal court can look at the state court rule and say you're procedurally defaulted. As I understand it, there must be a state court rule. That's true. We've just done this, especially with the exhaustion problem, several different times where – and there's a Supreme Court case, too, Harris v. Reed, which seems to say this. And as they say, it doesn't make a lot of sense to me, but it seems to be where we are. It's got to be a state court rule, but maybe not a state court ruling. Yes. We're over time, but if any judge has a question now, we'll go further. If not, we'll still give you a minute to reply after the government eliminates us here. May it please the court. Jennifer Lloyd, representing the respondent. Happily. Happily. The district court correctly dismissed petitioner's petition on the ground that it was a successive petition that raises the identical issue that he raised in his first petition when he was still in Texas. He did that without leave from this court, and therefore dismissal was appropriate. This is a successive petition. The district court was correct in that determination. First, because there's no authority for the district court to look behind the reasons stated by the first district court in dismissing the case. Well, it seems that Howard does – Howard v. Lewis, which is otherwise restoring this case, does seem to have a caveat to it, doesn't it? Well, I'm not entirely sure. I wasn't able to look at that again today, and I got this case very late, so I'm not sure that I'm going to be very helpful on Howard v. Lewis, and I apologize. Then you're not going to be very helpful because that's basically where we are. Well, I'm not all that sure because I think that the fundamental premise of petitioner's claim is that the first district court erroneously dismissed on procedural default rather than exhaustion grounds, and that's just wrong. This is a procedurally not really tortured case but complicated case in that there were a number of proceedings. But if I could just walk through, starting with the original sentencing, just to establish that by the time petitioner filed his first petition when he was in Texas, he already had exhausted any possible state remedy that he could have used to raise the particular double jeopardy claim. Now, he certainly still had an appeal pending that had to do with the scope of the remand. But am I right that we can only know that in retrospect? The state court never so ruled, right? The state court up until that point had never said, you can't bring a double jeopardy claim because it's procedurally defaulted. That's correct. So therefore, the only way it could have been procedurally defaulted at that point is the way we were discussing before. That is, by a federal court looking at the state rules on its own and saying, I can tell that you're not going to be able to bring anything in state court. Well, if you are simply looking at what remedies were available, say what's the state post-conviction system, what could he have raised in a state habeas proceeding, could he have raised a new claim in this appeal that was pending at the time he filed his first petition? Yes, I believe that's a question of law, and this court does have to look at what state procedures were available. But we also have the fact that we know what claims he did raise at each stage of the state court proceedings. And walking backwards, the appeal that was pending, the only state proceeding that was still pending at the time he filed his first habeas corpus petition, did not raise a double jeopardy claim. So in that respect, he didn't have a double jeopardy claim to exhaust. Now, he actually defaulted much further back in the proceedings by not raising a double jeopardy claim at the original state court sentencing proceeding. Well, what is the Oregon rule about post-conviction proceedings, for example? Did he have to raise the double jeopardy in his original appeal or he couldn't have raised it in his Oregon post-conviction proceedings? Well, in this case, and I will answer your question, but I'll explain first factually, in this case he could not have raised a direct double jeopardy claim in the direct appeal because his sentence was based on a plea of guilty. And that is what the court of appeals held in the reported decision that's in the excerpt of record. So what he would have had to have raised then, the way that he would have been able to raise a double jeopardy claim at that point was in a state post-conviction proceeding. And he could have raised that in two ways. One, he could have made a direct challenge to the resentencing. I shouldn't call that the resentencing. To the vacation of his first sentence and the imposition of a sentence a week later. He could have raised a double jeopardy claim to the sentencing court's authority to impose the sentence. He also could have raised a claim that his lawyer was inadequate for not raising a double jeopardy claim at the original proceeding. He didn't do either. And instead what he did was raise, he did challenge the state court's authority, but his theory was, and I'll have to refresh my memory. His theory was that because he, was that he effectively had been placed in the custody of the Oregon Department of Corrections at the time the court vacated his original sentence and that therefore the court had no jurisdiction to do that. He also asserted independently that the sentencing court was bound by the original plea agreement which had contemplated that he would be sentenced under the sentencing guidelines as opposed to sentenced to life in prison with the 25 year minimum. But neither of those claims was based on the double jeopardy clause. So at that point he procedurally defaulted. So there's a rule in Oregon, what's the rule, that says that once you bring one post-conviction proceeding and don't raise something, you're done for. It's RS-138, I did not bring my code. I believe it's 138-510. And that explains, there's a subsection 3 that provides that a person must raise all claims in a first post-conviction petition. The only way that a person can file, it's actually very similar to the federal rule, the only way that a person can file a successive post-conviction petition is if the claim could not reasonably have been raised at the time. And that generally is reserved for claims, the factual basis of which did not exist. For example, a claim of prosecutorial misconduct that was discovered long after. I have a question, and if Judge Prezant's question wasn't fully answered, I don't mean to cut it off, but my concern is do we really have to get into all this? Judge Wallace asked the question or made the comment earlier that to challenge the dismissal in the earlier case, to say that it wasn't procedurally defaulted, seems like a collateral attack on the earlier case. And is that proper in this proceeding? If it's not, then I'm not sure we reach all these issues. I think that's absolutely correct. What I was saying was kind of a backup. My first point was that you can't, that the petitioner can't come into a second proceeding and ask the district court or this court to look behind the judgment issued by the person. I can't say exactly what happened, Harrod, in the part you didn't read. That's why I went off to the other point. I mean, I know how broadly this goes, but it does say somewhat unusually and maybe overruled by it, but quite possibly. In this case, however, Harrod's arguments regarding the state procedural defaults and calls for the defaults have not been heard by a federal court, allegedly through no fault of his own, because it is possible that Harrod has yet to receive the federal hearing to which he is entitled. We hold it the district court's disposition of this petition, Priscilla, Arizona District Court Rule 11H, is not a determination on the merits for purposes of Sanders if Harrod can prove that his efforts to file papers in opposition to the motion that dismissed the 1985 habeas petition were indeed frustrated by Arizona prison officials. So there seems to be some caveat to all of this. Or there was before I asked that, anyway. Yes. And I'm not sure if that is limited to a situation where the petitioner comes in and says, I wasn't even able to be heard, whereas in the first proceeding in this case, the first, and if I could just finish my sentence, I see I'm out of time. In the first proceeding in this case, the petitioner in this case was able to be heard. There was no frustration of his ability. He chose to raise his double jeopardy claim at that time, and he also could have appealed from the disposition, the judgment dismissing on the ground that he procedurally defaulted. So I'm not sure that this is the kind of case that Howard is in that there's a question whether he was able to be heard. He was able to be heard. The district court decided the merits. He did not further challenge them, and he can't go back and do that now in this proceeding. Okay. Thank you, counsel. Unless the court has further questions. I just have one further question. Can you raise in your brief the issue of whether or not there's untimeliness? Yes. Is that really before us? Let me ask you in this way. I don't see that it was in the CEO. I don't see that you've listed issues in your brief. And so, number one, if it's not in the CEO, do we have, the COA, do we have any jurisdiction? And number two, even if we did, haven't you waived it by not raising it as specifically as an issue in the red brief? Do you want to respond to that, please? Well, I think it was intended to be an alternative basis for affirmance. It might be, but my question is, is it even before us if it's not in the COA? Well, I would have to look to see what the scope of the. . . And you're not prepared to answer that question? I apologize. I'm not. Or the failure to cite it as an issue in the red brief. You're not prepared to respond to that either? Well, I guess I'm not sure I understood that part of the question. Issues not stated according to our rules in briefs are waived. You cited absolutely no issues, even though our rules indicate you should cite issues. So I'm just wondering if it's been waived. I suppose you didn't write the brief. I did not. And you may have something to say to the person who did. But thank you anyway. I'll look into that. Thank you very much. Thank you. Now, Ms. Grail, you went over time also. But if you want one minute to reply, I'll let you have that. I'll take it. Thank you, Your Honor. She's limited to one minute. This is not a collateral attack. The term second or successive is a term of art. The only way that you can proceed on the second petition is finding that the first one didn't count against Mr. Henderson. And that is true because his claims were unexhausted, as supported by Slackey McDaniel and Stewart v. Martinez-Rielle. Mr. Henderson, if he was defaulted, it was, as Judge Berzon said, we only know that now after the fact. His case was still proceeding. We don't know what he would have done had we allowed him to proceed with his direct appeal before going to federal court. There were additional remedies at the time he filed his first habeas petition. He could have, as the State outlined, continued on with another post-conviction to bring up any claims that he was precluded from bringing before. Under the second or successive doctrine, he could have argued that he could have never brought these claims before and then proved that to the court. Thank you very much. Thank you. We thank both counsel and the cases submitted. Now. OK, we'll proceed with Rato v. Hollis. And this case is set for 20 minutes, 20 minutes for each side. Counsel, we've been running a little over time, but we've just been warming up. So please try to do your argument within your 20 minutes. And on our part, I'm sure all the judges will try to get their questions out to you near the start or middle of your argument. And not in your last five seconds, if possible. Mr. Hawley for the appellant. May we.
judges: Wallace, Gould, Berzon